IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

| | | |
|---|---|---|
| GARY SAINDON<br>and MARY KELLER, | ) | |
| | ) | |
| Plaintiffs, | ) | TC-MD 120273D |
| | ) | |
| v. | ) | |
| | ) | |
| DEPARTMENT OF REVENUE,<br>State of Oregon, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | **DECISION OF DISMISSAL** |

This matter is before the court on Defendant's Motion to Dismiss, filed October 4, 2012, requesting that the Complaint be dismissed.

Plaintiff Gary Saindon (Saindon) appealed Defendant's determination that he is no longer qualified to participate in the Senior and Disabled Citizen Deferral Program (Program). In its Answer, Defendant stated that "HB 2543" amended "ORS 311.670 to include [the] following requirement:

> "The property has been the homestead of the individual or individuals who file the claim for deferral for at least five years preceding April 15 of the year in which the claim is filed…"

(Emphasis omitted.)

At the case management conference held on September 20, 2012, Saindon stated that he and Plaintiff Mary Keller (Keller) have been married for three years, and that Keller transferred title to the subject property to him in October 2008. Saindon stated that he and Keller have lived in the subject property for 13 years.

/ / /

ORS 311.670[1] states, in pertinent part, that "[p]roperty is not eligible for tax deferral under ORS 311.666 to 311.701 unless at the time a claim is filed and during the period for which deferral is claimed:

> (a) The property has been the homestead of the individual or individuals who file the claim for deferral for at least five years preceding April 15 of the year in which the claim is filed * * *."

"Homestead" is defined in ORS 311.666(2), which states, in relevant part: " 'Homestead' means the owner occupied principal dwelling, either real or personal property, owned by the taxpayer and the tax lot upon which it is located."

With respect to the statutory requirements, the parties do not dispute that Plaintiffs lived in the homestead for more than five years. During a portion of those years, Saindon did not own the homestead; Keller as successor trustee owned the homestead. The issue is Saindon's sole ownership of the homestead. Plaintiffs' evidence shows that Saindon was granted "sole and separate" title to the homestead less than "five years preceding April 15 of the year in which the claim [was] filed." (*See* Ptfs' Quitclaim Deed, Oct 8, 2008.) As a result, Saindon does not qualify for the Program because he did not own the homestead, defined as an "*owner* occupied principal dwelling," for the requisite five years. ORS 311.666(2) (emphasis added). Keller does

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

---

[1] All references to the Oregon Revised Statutes (ORS) are to 2011.

not qualify for the Program because she did not own the homestead at the time the claim was filed. Now, therefore,

IT IS THE DECISION OF THIS COURT that this matter be dismissed.

Dated this ____ day of November 2012.

_____
JILL A. TANNER
PRESIDING MAGISTRATE

*If you want to appeal this Decision, file a Complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your Complaint must be submitted within <u>60</u> days after the date of the Decision or this Decision becomes final and cannot be changed.*

*This document was signed by Presiding Magistrate Jill A. Tanner on November 5, 2012. The Court filed and entered this document on November 5, 2012.*